In the Matter of DONALD VAN COOK (Admitted as DONALD F. VAN COOK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 16, 1991

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*Russo, Fox & Karl (Charles C. Russo* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding the Special Referee sustained eight of the nine charges (Charges One, Two, Three, Five, Six, Seven, Eight and Nine) of professional misconduct alleged against the respondent. Charge Four was withdrawn by the petitioner at a pretrial conference. The petitioner has moved to confirm the report of the Special Referee and the respondent has cross-moved to disaffirm the report.

Charge One alleged that the respondent engaged in conduct involving forgery, fraud, deceit and misrepresentation. In April 1985 the respondent was retained by Clarke Lasky to handle the sale of a condominium for $69,000. From on or about August 31, 1974 through September 20, 1985, Clarke and Donna Lasky were the owners on the deed. In April 1985 the respondent, without the consent of Donna Lasky, drafted a contract of sale. The contract was executed by Clarke Lasky and the purchaser on or about April 30, 1985. The contract did not contain the name or signature of Donna Lasky. Thereafter, on or about August 8, 1985, the respondent, without the knowledge or consent of Donna Lasky, prepared a bargain and sale deed to transfer title of the property from Clarke and Donna Lasky to the purchaser. On that date, the respondent attached his notarial seal and signature to the deed purportedly signed by Donna Lasky. The respondent knew or should have known that the signature of Donna Lasky on the deed was not genuine.

Charge Two alleged that the respondent engaged in conduct involving fraud, deceit and dishonesty. On September 20, 1985, at the closing on the condominium sale, the respondent submitted an affidavit attesting to the fact that he represented both Clarke and Donna Lasky. He further stated that he had spoken to his clients by telephone to confirm that they were alive and well and that they had authorized delivery of the deed to the purchaser. The affidavit was made to induce the title company to insure title. The respondent knew or should have known that the information contained in the affidavit was false.

Charge Three alleged that the respondent engaged in conduct involving forgery, fraud, deceit and misrepresentation. At the closing on the sale of the condominium, the respondent submitted an affidavit purportedly signed by Donna Lasky stating, *inter alia,* that she was one of the sellers and that she

was making the affidavit knowing that the title company would rely upon the truth of the statements made therein. The affidavit, purportedly signed by Donna Lasky, had the respondent's notarial seal and signature affixed thereto and was submitted by the respondent to the title company. The respondent knew or should have known that the signature of Donna Lasky was not genuine.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud and deceit. In November 1986 the respondent telephoned Donna Lasky and advised her that he needed a "release" with regard to the sale of the condominium and that she should think about "how much money she wanted to sign said release". The respondent failed to advise her that her interest in the condominium had already been sold in September 1985 or that he was holding $14,587 in his escrow account on her behalf. In or about November 1986 Donna Lasky retained an attorney, who discovered that her interest in the condominium had been sold. When that attorney requested copies of all the closing documents from the respondent, the respondent provided everything but the page of the deed bearing the purported signature of Donna Lasky notarized by the respondent on August 5, 1985. The respondent knew or should have known that his conduct was a continuation of his scheme to defraud and deprive Donna Lasky of the $14,587 that was rightfully hers.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud and deceit. For more than two years after the closing, the respondent refused to pay Donna Lasky her $14,587 share of the sale proceeds. He did not pay her that sum until April 12, 1988, one week after he had appeared at the office of the Grievance Committee for the Tenth Judicial District in connection with the investigation of his conduct in this matter.

Charge Seven alleged that the respondent converted funds which were entrusted to him to be held in escrow. On or about March 18, 1985, the respondent deposited $50,000 into his interest-bearing escrow account on behalf of an estate. On or about October 18, 1985, the respondent deposited the $14,587 owed to Donna Lasky into the same account. On December 16, 1985, the balance in the account, which should have been $64,587, was only $50,177.

Charge Eight alleged that the respondent retained and/or failed to account for the interest accrued on money held in his

escrow account. Although the respondent held Donna Lasky's money in an interest-bearing escrow account between October 18, 1985 and March 18, 1988, he failed to pay her the interest earned on that money.

Charge Nine alleged that the respondent commingled escrow funds with his personal funds between January 1985 and December 1987.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining Charges One, Two, Three, Five, Six, Seven, Eight and Nine. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating factors advanced by the respondent. However, we have also considered the serious nature of the charges, as well as the fact that the respondent received a letter of caution in 1988 for instructing an associate to misrepresent certain facts to a tribunal. The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and couselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, KUNZEMAN, KOOPER and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Donald Van Cook is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Donald Van Cook is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before

■■■■■■■■■■■■■■

any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.